AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

**LODGED**
CLERK, U.S. DISTRICT COURT

2/18/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ ASI _____ DEPTUY

**FILED**
CLERK, U.S. DISTRICT COURT

02/18/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ IV _____ DEPUTY

for the

Central District of California

United States of America

v.

VALENTIN VIDAL-LOPEZ,

Defendant.

Case No. 2:25-mj-00781-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of January 25, 2025, in the county of Ventura in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
*Complainant's signature*

Zaira D. Bonilla, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:    February 18, 2025

*Judge's signature*

City and state:    Los Angeles, California

Hon. Patricia Donahue, U.S. Magistrate Judge
*Printed name and title*

AUSA: Kelsey A. Stimson x8230

### AFFIDAVIT

I, Zaira D. Bonilla, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a criminal complaint and arrest warrant against Valentin VIDAL-LOPEZ, also known as "Valentin Vidal," "Wreck," "Edwardo Hernandez," and "Chris Vidal," charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER ZAIRA D. BONILLA

3.    I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since September 2015.  I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field

office.  Prior to working for ICE as a DO, I worked as an
Immigration Enforcement Agent with ICE since September 2006.

### III. STATEMENT OF PROBABLE CAUSE

4.   Based on my review of EARM Database records, which is
an internal ICE law enforcement database, I know that, on or
about January 26, 2025, the ICE Pacific Enforcement Response
Center ("PERC") received an electronic notification based on
biometric fingerprint information that VIDAL-LOPEZ was in the
custody of the Ventura County Sheriff's Department (the "VSD).
Based on my review of the VSD Offense Report, I am aware that
VIDAL-LOPEZ was arrested on citations for California Penal Code
§ 148(a)(1): Resist/Delay/Obstruct Peace Officer; California
Vehicle Code § 23142(a): DUI Alcohol; and California Vehicle
Code § 470B: Forgery, Possess Driver's License/ID.[1]  The Offense
Report included a narrative from one of the arresting officers
that stated VIDAL-LOPEZ ignored officer commands to step out of
the vehicle during a traffic stop and then began to drive away
from the VSD officers in his vehicle.  The Offense Report also
stated that VIDAL-LOPEZ continued to ignore officer commands and
verbally threatened to fight the officers.

5.   Based on my review of the EARM database records, I
know that, on or about January 26, 2025, the PERC lodged a DHS

---

[1] The VSD Property Report stated that the following items
were seized from VIDAL-LOPEZ during the arrest: a driver's
license, a social security card, and a permanent resident card
and tagged with the description, "FAKE DOCUMENTATION."
According to the Officer Narrative, the driver's license
returned to a female subject in Northern California and the
social security card and permanent resident card stated the
name, "Christopher Morales."

Immigration Detainer[2] with the VSD. Based on my review of the "Inmate Information" page on VSD's website, I am aware that VIDAL is not in custody with VSD and was released on bail on January 26, 2025.[3]

6.    Based on my training and experience, I am aware of the following:

a.    That a DHS Alien File ("A-File") is a file in which immigration records are maintained for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

b.    I also know that when an individual is fingerprinted by ICE (or its predecessor agency, INS), the individual is issued a Fingerprint Identification Number[4] ("FIN").  The FIN is then automatically associated with the individual's A-Number.

7.    On or about February 8, 2025, I reviewed the Immigration Alien Query ("IAQ") electronic notification associated with VIDAL-LOPEZ's January 25, 2025, arrest.  The IAQ is a law enforcement database that houses, among other data, the

_____

[2] A DHS Immigration Detainer is a request by DHS to the local law enforcement department asking for notification prior to release of the individual subject to the detainer.

[3] Based on my training and experience, I am aware that it is common for local law enforcement to not honor DHS Immigration Detainers following an arrest by local police.

[4] A FIN number is a unique identifier assigned to a specific set of fingerprints.

FIN number associated with a specific set of fingerprints as
well as the corresponding FBI number, A-Number, and other
identifying characteristics for that person.  Based on my review
of the IAQ database, I saw that VIDAL-LOPEZ's fingerprints were
taken on or about January 25, 2025.  IAQ assigned the
fingerprints FIN number 1253099217.  That FIN number (and VIDAL-
LOPEZ's fingerprints) were then linked to the A-File with A-
Number 205-386-943.  I thus confirmed that the individual
arrested on January 25, 2025, was VIDAL-LOPEZ, a previously
deported noncitizen.

8.   On or about February 8, 2025, I obtained and reviewed
VIDAL-LOPEZ's A-File (A Number 205-386-943), which contained the
following documents and information:

a.   One executed Warrant of Removal/Deportation (Form
I-205) stating that VIDAL-LOPEZ was officially removed from the
United States on or about May 21, 2018.  I know from my training
and experience that a Warrant of Removal is executed each time a
subject alien is removed and excluded from the United States by
ICE (and its predecessor agency, INS) and usually contains the
subject's photograph, signature, and fingerprint taken as part
of the removal process. The executed May 21, 2018, Warrant of
Removal/Deportation in VIDAL-LOPEZ's DHS A-File contained a
photograph, signature, and fingerprint identified as belonging
to VIDAL-LOPEZ.

b.   A certified conviction record showing that VIDAL-
LOPEZ was convicted on or about January 11, 2011, of Attempted
Murder, in violation of California Penal Code Section 664-

4

187(a), in the Superior Court of California, County of Los
Angeles, Case Number MA044680-02, for which VIDAL-LOPEZ was
sentenced to ten years' imprisonment.

      c.   Various documents, in addition to the Warrant of
Removal/Deportation, indicating that VIDAL-LOPEZ is a native and
citizen of Mexico.  These documents included a Final
Administrative Removal Order, dated April 10, 2018, ordering
VIDAL-LOPEZ removed to Mexico; his Form I-213, dated April 10,
2018, that indicates during VIDAL-LOPEZ's initial interview, he
stated that he was a citizen of Mexico; and his Record of Sworn
Statement, dated March 6, 2018, that shows VIDAL-LOPEZ's
admission that he is a citizen of Mexico, which VIDAL-LOPEZ
signed and fingerprinted.

    9.   On or about February 8, 2025, I reviewed printouts of
the Criminal Identification Index ("CII") for VIDAL-LOPEZ's CII
number. Based on my training and experience, I know that the CII
database tracks and records arrests and convictions of
individuals according to an individual's CII number, which is a
unique identifier assigned to a person based on their
fingerprints.  The CII printouts corroborated that VIDAL-LOPEZ
had been convicted of Attempted Murder, in violation of
California Penal Code Section 664-187(a), in the Superior Court
of California, County of Los Angeles, Case Number MA044680-02.

    10.  On or about February 8, 2025, I reviewed printouts of
ICE computer indices on VIDAL-LOPEZ.  Based on my training and
experience, I know that the ICE computer indices track and
document each time a noncitizen is deported or excluded from the

United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. Based on my training and experience, I am aware that the ICE computer indices track that data based on updates to an individual's A-File. The ICE computer indices corroborated that VIDAL-LOPEZ had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in VIDAL-LOPEZ's DHS A-File. The ICE computer indices further indicated that VIDAL-LOPEZ had not applied for, nor obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

11. Based on my review of VIDAL-LOPEZ's DHS A-File, I determined that it does not contain a record of his ever applying for, nor receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in VIDAL-LOPEZ's DHS A-File.

//

//

## IV. <u>CONCLUSION</u>

12.  For all the reasons described above, there is probable cause to believe that VIDAL-LOPEZ has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this ___18th___ day of February 2025.


HONORABLE PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE